Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 CR 932 - 1 | DATE | 8/7/2001 |
| CASE TITLE | USA vs. ROMAN ROBLEDO-GONZALEZ | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Status hearing held and continued to 12/5/01 at 1:30 p.m. Enter memorandum opinion and order. Defendant's motion to dismiss the indictment is denied. Time is excluded pursuant to 18:3161(h)(8)(A)(B).
    (X-T)

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 0 9 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 35 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | 01 AUG -8 PM 7:58 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION.

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> v. <br> ROMAN ROBLEDO-GONZALEZ | Case No. 00 CR 932 <br> The Honorable John W. Darrah |

DOCKETED
AUG 09 2001

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Roman Robledo-Gonzalez's ("Defendant" or "Robledo") second Motion to Dismiss the Indictment for illegal reentry under 8 U.S.C. 1326(a) and (b)(2). For the following reasons, Defendant Roman Robledo Gonzalez's Motion to Dismiss the Indictment is DENIED.

## BACKGROUND

Defendant Roman Robledo-Gonzalez is charged with violating 8 U.S.C. 1326(a) and (b)(2) for his illegal reentry into the United States. On July 20, 1993, Defendant entered a plea of guilty to possession of a controlled substance and possession with intent to deliver a controlled substance in violation of Ill. Rev. Stat. 56.5/1402(c) and Ill. Rev. Stat. 56.5/1401(A)(2). Robledo was deported as an aggravated felon in May 1997.

Robledo was arrested outside his Chicago home on January 30, 2001, for violating 8 U.S.C. § 1326(a) and (b)(2). A grand jury returned a one-count indictment against Robledo on February 3, 2001.

Robledo filed his first Motion to Dismiss the Indictment on April 19, 2001, challenging the



legitimacy of his criminal conviction and deportation pursuant to *United States v. Mendoza-Lopez*, 481 U.S. 828 (1987). This Motion was denied on May 9, 2001.

Robledo filed the present Motion to Dismiss on June 29, 2001, once again, challenging the validity of his deportation order. Robledo now argues that he was effectively denied his right to appeal when the Board of Immigration Appeals affirmed his deportation based on its belief that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applied retroactively and, therefore, precluded Robledo's appeal. The AEDPA precludes individuals convicted of certain drug crimes from seeking waiver of deportation under § 212(c) of the Immigration and Naturalization Act, 8 U.S.C. § 1182(c).

## **DISCUSSION**

Defendant Robledo now argues that his criminal prosecution should be suspended or dismissed pursuant to the Supreme Court's recent decision in *INS v. St. Cyr*, 121 S.Ct. 2271 (2001). In that case, the Supreme Court found that the provision of the AEDPA precluding individuals convicted of certain crimes from seeking waiver of their deportation was not intended by Congress to apply retroactively to preclude appeal for those who were pled guilty before passage of the AEDPA. *Id.* at 2284-85.

Robledo argues that, since the convictions underlying his charge of illegal reentry took place before passage of the AEDPA, he should be given a chance to file an appeal seeking waiver of deportation from the BIA based on the merits of his immigration case.

The government concedes Defendant's right to appeal his deportation pursuant to *St Cyr*, but contends that that opinion does not support a dismissal of the indictment predicated on illegal entry after deportation. Rather, for dismissal, the government argues the Defendant must show that

he was in some way prejudiced by the BIA's failure to review his immigration case and consider his request for a waiver of deportation. This analysis is correct.

The Seventh Circuit has set forth a two-part test for defendants who seek to prevent their deportation from being used to prove an element of a criminal offense. In *United States v. Espinoza-Farlo*, 34 F.3d 469, 471 (7th Cir. 1994), the Seventh Circuit stated:

> [F]or a section 1326 defendant to successfully prevent his underlying deportation from being used to prove an element of a criminal offense, the defendant must first show that the deportation hearing effectively foreclosed his right to direct judicial review of the deportation order. Second, he must show that the deportation hearing was fundamentally unfair. In other words, he must show that he was prejudiced...

To show that he was prejudiced, Robledo must offer "plausible grounds of relief which might have been available to him but for the deprivation of rights." *United States v. Leon-Leon*, 35 F.3d 1428, 1432 (9th Cir. 1994).

Robledo has not shown that he was prejudiced by the BIA's failure to review the immigration judge's decision to deny him a discretionary waiver of deportation. After reviewing the facts surrounding the matter, the immigration judge decided that a discretionary waiver was not warranted. *See In the Matter of Roman-Robledo-Gonzalez*, No. A 90 906 556, April 7, 1995. Robledo has not offered any "plausible grounds of relief" upon which the deportation may have been waived by the BIA. Thus, Roman Robledo-Gonzalez has failed to meet his burden; and his Motion to Dismiss is DENIED. Defendant's alternate prayer for relief for a stay pending administrative appeal is taken under advisement pending further argument.

**IT IS SO ORDERED.**

Date: Aug. 7, 2001

John W. Darrah, Judge
United States District Court